UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CELESTINO TREVINO
1903 South Westgrand Lane
West Milwaukee, Wisconsin 53219

      Plaintiff,

v.

HARLEY-DAVIDSON, INC.
3700 Juneau Avenue
Milwaukee, Wisconsin 53208

      Defendant

Case No: 20-cv-1387

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Celestino Trevino, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Celestino Trevino, is an adult male resident of the State of Wisconsin residing in Milwaukee County with an address of 1903 South Westgrand Lane, West Milwaukee, Wisconsin 53219.

4. Defendant, Harley-Davidson, Inc., is a Wisconsin corporation with a principal place of business of 3700 Juneau Avenue, Milwaukee, Wisconsin 53208.

5. Defendant is a motorcycle manufacturer.

6. Defendant is a covered employer for purposes of the FMLA.

7. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

8. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's Milwaukee, Wisconsin location.

9. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

10. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

11. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

12. Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.

## GENERAL ALLEGATIONS

13. On or about January 4, 2017, Defendant hired Plaintiff into a temporary hourly-paid, non-exempt position via a temporary staffing agency.

14. In approximately March 2017, Plaintiff became a temporary hourly-paid, non-exempt Casual employee.

15. In approximately May 2017, Plaintiff was laid off of work from Defendant.

16. In approximately December 2017, Defendant re-hired Plaintiff as a temporary hourly-paid, non-exempt Casual employee.

17. In approximately early summer 2018, Defendant promoted Plaintiff to the hourly-paid, non-exempt position of Vacation Casual.

18. Plaintiff's position with Defendant as a Vacation Casual employee was essentially that of a Floater: Plaintiff filled in for other employees across approximately thirty-five (35) to forty (40) separate job positions who were either on vacation or called in sick and were unable to work at Defendant.

19. Plaintiff's position with Defendant as a Vacation Casual employee was a direct hire, permanent, full-time position.

20. Plaintiff's position with Defendant as a Vacation Casual employee was not a temporary position.

21. During Plaintiff's employment with Defendant as a Vacation Casual employee, Plaintiff reported directly to John Ashley, Mainline and Transmission Supervisor.

22. During the years 2018, 2019, and 2020, Defendant, via its third-party benefit administrator, Matrix, approved Plaintiff's application for intermittent FMLA leave because of Plaintiff's father's and Plaintiff's son's serious health conditions.

23. During the years 2018, 2019, and 2020, Plaintiff utilized approved intermittent FMLA leave because of his father's and his son's serious health conditions.

24. During the years 2018, 2019, and 2020, Defendant, including but not limited to Ashley and individuals in Defendant's Human Resources Department, were aware and/or had knowledge of Plaintiff's use of intermittent FMLA leave because of Plaintiff's father's and Plaintiff's son's serious health conditions.

25. During the years 2018, 2019, and 2020, Defendant, including but not limited to Ashley and individuals in Defendant's Human Resources Department, received communication(s) and/or correspondence from Plaintiff regarding his use of intermittent FMLA leave because of Plaintiff's father's and Plaintiff's son's serious health conditions.

26. On or about December 20, 2019, Plaintiff utilized approved intermittent FMLA leave from work at Defendant.

27. On or about January 8, 2020, Plaintiff utilized approved intermittent FMLA leave from work at Defendant.

28. On or about January 14, 2020, Plaintiff utilized approved intermittent FMLA leave from work at Defendant.

29. On or about May 27, 2020, Plaintiff utilized approved intermittent FMLA leave from work at Defendant.

30. During the year 2020, Ashley was upset and frustrated with Plaintiff's use of approved intermittent FMLA leave from work at Defendant.

31. On or about July 13, 2020, Defendant terminated Plaintiff's employment for FMLA leave-approved absences on December 20, 2019, January 8, 2020, January 14, 2020, and May 27, 2020.

## FIRST CAUSE OF ACTION – FMLA INTERFERENCE

32. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

33. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

34. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CAUSE OF ACTION – FMLA RETALIATION

35. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

36. Defendant retaliated against Plaintiff by terminating Plaintiff's employment for exercising his rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

37. As a result of Defendant's intentional violation of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 7th day of September, 2020

                                              WALCHESKE & LUZI, LLC
                                              Counsel for Plaintiff

                                              ***s/ Scott S. Luzi***
                                              James A. Walcheske, State Bar No. 1065635
                                              Scott S. Luzi, State Bar No. 1067405
                                              David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com